UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80040-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

JAMES PRENDERGAST,
    a.k.a. "furpony,"
    a.k.a "cody_horse16,"

Defendant./

## FACTUAL PROFFER

The United States of America and JAMES PRENDERGAST (the "Defendant") agree that, had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1. On January 29, 2024, the defendant direct messaged an FBI Online Covert Employee ("OCE") via an online chat application called Kik. The two initially interacted in an incest-themed chatroom on the same application. The defendant used the profile "cody_horse16" which bore the associated name "Farmboi Toy."

2. Between January 29, 2024 and February 6, 2024, the defendant and the OCE communicated almost daily discussing a variety of topics including where they lived, what trucks they drove, what their situations were with their ex-wives, and their purported sexual activity with their children.

3. Though he does not actually have any children, the defendant told the OCE he had a three-year old daughter with whom he had previously engaged in sexual activity. He even sent a picture of a female child who appeared to be approximately three-years old and advised he had "rubbed and fingered her," but had not penetrated her because he "doesn't fit."

4. The OCE told the Defendant he had an eleven-year old daughter and an eight-year old son.

5. During their chats, the defendant sent the OCE images of an adult male with exposed genitalia as well as pictures of several sex toys displayed on a towel, asking whether the OCE had "done anything at all with yours." He also sent a video of an inflatable sex toy.

6. During these chats, the Defendant repeatedly asked when the OCE would be in south Florida with his notional children, suggesting the use of sex toys on her.

7. Then, on February 6, 2024, the Defendant contacted the OCE via another application called Telegram using the name "@ponypony_one," an account which bore the associated name "Furpony." He told the OCE he preferred Telegram because it was "More secure."

8. Between February 6, 2024 and March 7, 2024, via Telegram, the Defendant and the OCE discussed the logistics their plan to meet up so the Defendant engage in sexual activity with the OCE's notional daughter.

9. During those chats, the Defendant twice requested sexually explicit images of her:

    a. First, on February 6, 2024, he asked the OCE: "Any chance you could get some pics of her pussy before we meet up? Like could set the delete timer so it can't be saved and will be deleted immediately."

    b. Then, on March 7, 2024, as they planned to meet up that afternoon, the Defendant requested verification photos of the child. After the OCE sent a non-sexually explicit image of a minor-presenting female, the Defendant asked for a picture of her "bent over your bottom bunk holding her cheeks apart so we can see her push. Pussy*."

10. After the Defendant did not show up for the planned encounter with the OCE, FBI Agents

2

made a probable cause arrest at his trailer. During the arrest, agents found a cell phone on his person and sex toys in his trailer. The sex toys were the same ones featured in the photographs the Defendant previously sent to the OCE during their chats.

11. Post-*Miranda*, the Defendant admitted to sending the non-explicit pictures of a three-year old to the OCE but denied sexually abusing the girl in the photograph and advised he found her images on Google. The FBI's investigation has not revealed evidence the Defendant sexually abused the girl in the photographs he sent.

The parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove beyond a reasonable doubt his guilt with respect to: Count 2, Solicitation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(3)(b) and (b)(1).

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

DATE: 04/30/24            BY: _____
                              COREY R. O'NEAL
                              ASSISTANT UNITED STATES ATTORNEY

DATE: 4/30/04             BY: _____
                              SCOTT BERRY
                              COUNSEL FOR THE DEFENDANT

DATE: 4-30-24             BY: _____
                              JAMES PRENDERGAST
                              DEFENDANT

3